P7GVWASA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                        25 Cr. 287 (GBD)

ASHANTI WASHINGTON,

                Defendant.           Arraignment

------------------------------x

                                     New York, N.Y.
                                     July 16, 2025
                                     12:05 p.m.


Before:

                HON. GEORGE B. DANIELS,

                                     District Judge


                        APPEARANCES


JAY CLAYTON
     United States Attorney for the
     Southern District of New York
MICHAEL R. HERMAN
PATRICK R. MORONEY
     Assistant United States Attorneys

RICHARD PALMA
     Attorney for Defendant

P7GVWASA

(Case called)

THE LAW CLERK:  Will the parties please rise and make their appearance.

MR. HERMAN:  Good afternoon, your Honor.

Michael Herman, and Patrick Moroney is to my left. Assistant U.S. attorneys for the United States in this matter.

THE COURT:  Good morning.

MR. PALMA:  Good afternoon, your Honor.

For Ms. Washington, Richard Palma.  Ms. Washington is present.

As your Honor knows, she's out on bail.  We want to address the conditions of bail, as I had filed letters this weekend regarding that, and her request that the sureties be given an additional two weeks to comply with the conditions.

THE COURT:  Is there any objection by the government on that?

MR. HERMAN:  Not as to the additional time for the sureties.  If she wishes to remain out of state, we don't have an objection to that.  But there may be some logistical issues in her appearance at future court proceedings, so we just want to flag that that might transpire.

THE COURT:  Has she been arraigned on the indictment?

MR. HERMAN:  No, your Honor.

THE COURT:  And Mr. Palma, have you received a copy of the indictment, had an opportunity to review it with

P7GVWASA

Ms. Washington?

MR. PALMA:  Yes, I did.  And she's prepared to enter a plea, and also prepared to announce to the Court that she'll waive the public reading.

THE COURT:  All right.

Do you enter a plea of not guilty at this time?

MR. PALMA:  That is correct.

THE COURT:  I will enter a plea of not guilty on her behalf.

Let me turn back to the government.

What's the status from the government's perspective?

MR. HERMAN:  Your Honor, right before the proceeding, the parties executed a protective order.  I'm happy to hand that up to the Court now or submit it on ECF, whatever the Court prefers.

Once that is entered, we expect to complete discovery within approximately one month.  Discovery will include -- this is a perjury case, as the Court is aware.  Just given the nature of the case, we think it's prudent to produce the entire discovery record from the underlying case, which is voluminous — it is a RICO case.

And then there are additional investigative steps, including additional search warrants and subpoena returns that were conducted after the trial specifically related to the perjury investigation.

P7GVWASA

So those are the two general buckets of discovery.

THE COURT: And how long would it take you to produce?

MR. HERMAN: Approximately a month, your Honor.

THE COURT: And, Mr. Palma, how much time would you want to review that material before we come back?

MR. PALMA: That's a very good question, your Honor.

I think I'll be in conversations with the government so that they could narrow down more specifically what's relevant to my client.

Setting the RICO aside, this is very specific two charges, so much of that may not be applicable. But I know the government, out of abundance of meeting its obligation, is going to give me everything.

When the Court is prepared, I do want to address the issue of her living out of state, but that will be when the Court is prepared to address it.

THE COURT: Is there anything for me to decide at this point?

MR. PALMA: Well, yes, there is.

If I understood the government, there is no objection to the extension of time for the sureties. I did provide the government, however, the address of Ms. Washington's mother — who will be one of the sureties in this case — in Atlanta, Georgia. I didn't specify that in the ECF letter, but I did reference it, I did give the full address to the government.

P7GVWASA

I don't recall the government saying they have -- their position regarding her living in Atlanta.

THE COURT:  Do you have an objection to that?

MR. HERMAN:  No, your Honor, just to flag the logistical issues.  But if Ms. Washington is prepared to come to court for court appearances, absent a waiver of her presence, we don't have an objection to her living with her mother.

MR. PALMA:  Your Honor, just to finish the thought.

She would like to leave for Atlanta on Monday, so she'll continue to live where she's living now until Monday.

However, she does have another request that she just asked me right now, therefore, that's why it's not in the letter.  She's requesting -- because she has a child with an individual who's incarcerated in Albany, New York.  Now, this is something I haven't brought to the government's attention, since it happened while we were coming up in the well.

She would like to go to Albany this weekend to have a visit with her -- the father of her child so that the father can see the child before the two of them move to the Atlanta.

I apologize for putting the government on the spot on this.

THE COURT:  Does the government have any objection?

MR. PALMA:  I feel I need to bring it to the Court's attention.

P7GVWASA

MR. HERMAN:  No objection, your Honor.

THE COURT:  The only thing that I'm going to say with regard to the visit — but, more importantly, with regard to her move to Atlanta — I want the bail conditions to be met before she goes to Atlanta.

MR. PALMA:  Okay.  In other words, that the mother who lives in Atlanta will interview with a paralegal of the U.S. Attorney's Office; she will then sign -- today is Wednesday, so she will then sign the papers down in the U.S. District Court in Atlanta, I suppose, and have them at the magistrate's office and be sent up --

THE COURT:  So you asked for two weeks' extension to meet the bail conditions.  That's fine.  I would assume that within that two weeks she can make a visit to Albany.  And then once she's executed -- fully executed the bail conditions, she can reside in --

MR. PALMA:  In Atlanta.

THE COURT:  -- in Atlanta.  And it will be her obligation to appear in court unless she's excused.

MR. PALMA:  I'll hop to it right after this court appearance.  Right after I get back to my office, I'll communicate with the mother and tell her to see if she can -- I'll be in contact with the government as well, find out who she should speak to to see if they approve of her and instructions where to sign the bond.

P7GVWASA

THE COURT:  So does it make sense for another court appearance September or October or some other time?

MR. PALMA:  Excuse me, your Honor?

THE COURT:  When should we schedule the next court conference?

MR. PALMA:  I don't know -- well, we --

THE COURT:  If it takes them a month or two to give you the material, and you take time to review it --

MR. PALMA:  Yes.  That's a good question, your Honor.

Your Honor, okay, early October would be good for me.

THE COURT:  All right.

How is October 8th at 10 o'clock?

MR. PALMA:  Wednesday, October the 8th is fine, your Honor.

THE COURT:  Ten o'clock?

MR. PALMA:  Ten a.m. is fine, your Honor.

THE COURT:  All right.

Anything further by the government?

MR. HERMAN:  Just with respect to the exclusion of time, your Honor.

And we'd move for time to be excluded from today until October 8th.  The basis for the application is so that we can produce discovery, the defense has an adequate opportunity to review it, and contemplate whether to bring any motions.

THE COURT:  Any objection, Mr. Palma?

P7GVWASA

MR. PALMA:  Let me just consult with her for a second.

THE COURT:  Yes.

(Counsel conferred with defendant)

MR. PALMA:  No objection, your Honor.

THE COURT:  All right.  Then I'll exclude the time in the interest of justice to facilitate the review and preparation.  We'll adjourn -- I'll exclude time till October 8th.  I'll adjourn the case till 10 o'clock on that day.

MR. PALMA:  Your Honor, just so -- forgive me, lawyers like to repeat and repeat, and I know you're under a time constraint.  I just want to make sure I got the conditions right.

So starting today or tomorrow, I will have the mother and the other cosigner be interviewed by the U.S. attorney's representative to see if they are approved; that the mother -- that those conditions be met, if they are approved, before Monday; and that you are allowing Ms. Washington this weekend to travel to Albany to visit with the father of the child.

THE COURT:  Yes.

MR. PALMA:  Thank you very much for your time.

THE COURT:  All right.

Then I'll see you in October at 10 o'clock.

MR. PALMA:  Thank you.

THE COURT:  Thank you.                    (Adjourned)